AMBRO, Circuit Judge,
Concurring.
Based on Agent Aster’s testimony, the District Court concluded that he handled the object in Gordon’s pocket just enough to determine it was not a weapon. The majority is correct that we have little basis on appeal to hold the District Court should have disregarded the agent’s testimony. Therefore, I cannot say the District Court’s finding was clearly erroneous. I write separately, however, to briefly express two concerns.
First, the facts of this case could be construed as very similar to the events in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), in which evidence of drug possession was suppressed. Agent Aster testified that he could see a round bulge in Gordon’s pocket about the size of a tennis ball. Yet Agent Aster neither specified what weapon he thought the round object could be nor identified any reason that caused him to suspect the object was a weapon. Agent Aster also testified: “I basically tapped [the object], and kind of manipulated [it] with my fingers a little bit before I grasped the object and placed a squeeze upon it.” App. at 140. Only after squeezing the object did Agent Aster determine it was contraband. This situation is similar to Dickerson, which also involved an initial frisk or patdown, followed by more significant tactile exploration. The officer there testified: “[A]s I pat-searched the front of his body, I felt a lump, a small lump, in the front pocket. I examined it with my fingers and it slid and it felt to be a lump of crack cocaine in cellophane.” 508 U.S. at 369,113 S.Ct. 2130.
This case also demonstrates that the distinctions Dickerson requires courts to *279 make are often ethereal. Are the Fourth Amendment implications different if an officer merely pats down an individual’s outer clothing versus if an officer pats and then squeezes an object in the individual’s coat pocket? Is a squeeze different from manipulating an object? If so, is squeezing more or less invasive? Is some squeezing permissible but too much squeezing not? These and similar questions judges ask to decide cases of this kind connote less the lore of law than a bad Seinfeld episode.